UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61862-CIV-COHN

JUSTIN LEDERMAN,

Magistrate Judge Snow

Plaintiff,

vs.

ALLIED COLLECTION SERVICE, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, L.L.C., and INVESTORS
MANAGEMENT TRUST REAL ESTATE GROUP, INC.

Defendants.

_____/

## ORDER GRANTING TRANS UNION'S PARTIAL MOTION TO DISMISS

_____THIS CAUSE is before the Court upon Defendant Trans Union's Partial Motion

to Dismiss [DE 9].  The Court has carefully considered the motion and is otherwise fully

advised in the premises, including the lack of any timely opposition to the motion

(response deadline was February 5, 2007).

Plaintiff alleges in this action that Defendants violated the Fair Debt Collection

Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA").  Plaintiff brings

claims against Defendant Trans Union, a consumer reporting agency, under the FCRA.

Defendant Trans Union seeks to dismiss Plaintiff's claims for "declaratory relief

including but not limited to an order directing that the Defendants immediately delete all

of the inaccurate information from Plaintiff's credit reports and files. . . ."  (Second Am.

Compl., Count One, Prayer for Relief [DE 5]).  Trans Union asserts that a private

plaintiff cannot obtain declaratory or injunctive relief under the FCRA.

Upon a review of the FCRA's civil remedy provisions, the plain language of the

statute reveals that a private plaintiff can only obtain compensatory damages, punitive

damages and attorney's fees.  15 U.S.C. §§ 1681n and 1681o.  Declaratory or

injunctive relief is not available to a private plaintiff, though the Federal Trade

Commission can obtain such relief pursuant to 15 U.S.C. § 1681s.  Washington v. CSC

Credit Services, Inc., 199 F.3d 263, 268 (5th Cir.), cert den., 530 U.S. 1261 (2000).[1]

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Trans Union's

Partial Motion to Dismiss [DE 9] is hereby **GRANTED** as to the prayer for relief in the

form of declaratory or injunctive relief.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 9th day of February, 2007.

JAMES I. COHN
United States District Judge

copies to:

all counsel of record

---

[1]  The United States Court of Appeals for the Eleventh Circuit has apparently not yet ruled on this issue as it pertains to the FCRA.  The FDCPA has similar remedy provisions, and the Eleventh Circuit has stated, though in dictum, that equitable relief is not available in a private plaintiff action under the FDCPA.  Sibley v. Fulton DeKalb Collection Services, Inc., 677 F.2d 830, 834 (11th Cir. 1982); Weiss v. Regal Collections, 385 F.3d 337, 341-42 (3rd Cir. 2004).